NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-145-HRW

MARK EDWARD GREEN                                              PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY                                                  RESPONDENT

**** **** **** **** ****

This matter is ripe for a decision on the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On December 16, 2008, Mark Edward Green, a prisoner currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated in the Federal Correctional Institution in Ashland, Kentucky, initiated this habeas proceeding, *pro se*, claiming that the time which he spent incarcerated prior to sentencing has not been fully credited toward the federal sentence which he is now serving. This Court screened the Petition and ordered the Warden to file a Response. The Respondent has now done so.

**ALLEGED CHRONOLOGY OF EVENTS**

The following is a summary of relevant events taken from Green's allegations in his Petition and from the Response, by counsel, with attached declarations.

On March 16, 2005, several events occurred. The Petitioner committed the federal offense of being a Felon in Possession of an Unregistered Firearm; was arrested by State authorities in

Greene County, Indiana; and was charged with several State drug offenses. Two days later, he was released *via* a bond. The Indiana charges were later dismissed.

Green was free on bond on July 8, 2005, when he was arrested by State officials who charged him with committing Indiana's crime of Possession of Methamphetamine within 1,000 Feet of a School. Petitioner claims that he was held in county jails in Indiana, and was unable to obtain bond for release from detention because of the pending federal charge. On October 28, 2005, the State sentenced him to six years imprisonment, that sentence being ordered to run concurrently with the future federal sentence to be imposed for the March 16, 2005 firearm offense.

According to the Respondent, after Green had begun service of the Indiana sentence, on March 24, 2006, he was "borrowed" from the State authorities on a writ of *habeas corpus ad prosequendum* in order to appear in the United States District Court for the Southern District of Indiana. On July 20, 2006, that Court sentenced him to 57 months for the offense of being a Felon in Possession of an Unregistered Firearm, in violation of 18 U.S.C. § 5861(d). The federal sentence was ordered to run concurrently with the State sentence.

Green seeks prior custody credit for the time from his second arrest until the imposition of his federal sentence, July 8, 2005 to July 20, 2006.

On August 8, 2006, Petitioner was returned to Indiana authorities, where he continued serving the State sentence. He was paroled from that sentence on December 28, 2007, and was turned over to federal Marshals to transport him to a BOP facility for service of the federal sentence. When he arrived at the Federal Correctional Institution in Ashland to begin service of that sentence, he allegedly discovered that the BOP "had incorrectly calculated his projected release date."

Petitioner initiated the BOP's administration program seeking a "correction," including prior

2

custody credits toward his federal sentence from the date of his arrest, July 8, 2005 to the July 20, 2006 sentencing date. He claimed that during that time, he was being held incarcerated and denied bond by the State only because of the pending federal charge.

The documents exchanged in Administrative Remedy Number 495172 reveal the BOP's position with regard to its calculation of Green's sentence and projected release date. With regard to the July 8, 2005 to July 20, 2006 time period, the Respondent explains that at the time of Petitioner's July 8th arrest, local the officers did have a warrant on federal charge but Green was found methamphetamine within 1000 feet of a school. Indiana, therefore, arrested him and assumed primary custody over him, and he remained in State custody during the entire time period at issue herein, not relinquishing custody until he was paroled and turned over to the BOP for service of the federal sentence on December 28, 2007.

The BOP considers that service of Green's sentence began on the date that it was imposed, July 20, 2006. Petitioner cannot receive credit for any time before that date because his prior incarceration was credited to his State sentence and double credits are barred by federal statute, 18 U.S.C. § 3585, and the BOP's own Program Statement 5880.28, *Sentence Computation Manual CCCA*. Further, the BOP responded that staff had also "analyzed both sentences to determine if the Kayfez [*Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir.1993)] or Willis [*Willis v. United States*, 438 F.2d 923 (1971)] decisions were applicable. . . . We determined your sentence is not eligible for adjustment with credit pursuant to either decision."

Having exhausted his administrative remedies with the BOP, Green has come to this Court seeking prior custody credits for the year that he was incarcerated, that is, from his arrest, July 8, 2005, to the July 20, 2006 date, when his federal sentence was imposed. He relies on the concurrent

3

nature of his sentences and certain case law to challenge the denial of prior custody credits for this period. The Respondent urges the position of the BOP in the administrative proceeding, *i.e.*, that credit for that same period of time is barred.

## DISCUSSION

The parties apparently agree that with regards to the facts, the Petitioner was granted credit toward the state sentence for the time period at issue herein. As to the law, they seem to agree that a federal sentence cannot begin until it is imposed and that to get prior custody credits toward that sentence, one must study the statutory provisions governing calculation of a prisoner's term of imprisonment.

Accordingly, as in the screening Order in this case, the Court begins with the statute governing the calculation of federal prisoners' sentences. That statute provides as follows, in its entirety:

**18 U.S.C. § 3585. Calculation of a term of imprisonment**

**(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) **Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*.

28 U.S.C. § 3585 (emphasis added).

The law is that if the prisoner is arrested by one sovereign, as Green was arrested by the State

4

of Indiana, then that State sovereign has primary custody of the prisoner and retains it even when he is taken elsewhere by federal authorities pursuant to a writ of *habeas corpus ad prosequendum*, as Green was.  The rationale is that the second sovereign has only "borrowed" him and the State retains primary jurisdiction over him. *See Thomas v. Whalen,* 962 F.2d 358, 361 n. 3 (4th Cir.1992); *Hernandez v. United States Attorney General,* 689 F.2d 915, 918-19 (10th Cir.1982); *Roche v. Sizer,* 675 F.2d 507, 509-10 (2d Cir.1982); *see also Thomas v. Brewer,* 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody); *Salley v. United States,* 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of habeas corpus *ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody); *see also United States v. Insley,* 927 F.2d 185, 186-87 (4th Cir.1991) (holding that "official detention" in 18 U.S.C. § 3585 – the successor statute to section 3568 – means "physical incarceration").

The instant Petitioner's situation is most like the Petitioner's in *Easley v. Stepp*, 5 Fed. Appx. 541, 543, 2001 WL 252891, *2 (7th Cir. 2001), the Seventh Circuit concluded that the prisoner was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, noting that Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ and that the time spent in custody pursuant to the writ was applied to his state sentence.  The court held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes

5

jurisdiction over him." *Easley* at 542.[1]

This is true even when the temporary loan with the second sovereign is a lengthy one.  In *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. 2000) (Table, unpublished), Petitioner Huffman alleged that he was entitled to credits for a period of years during which he was primarily in the custody of the North Carolina Department of Corrections and only secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman.  Because Huffman received credit on his state sentence for the entire period of his incarceration up to the commencement of his federal sentence, the Court held, crediting him again for the time spent pursuant to a writ of *habeas corpus ad prosequendum* would result in "[i]mproper double credit.  *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359.

As to the rest of the pre-federal-sentencing-time which Petitioner spent incarcerated, the law is that Section 3585(b) controls.  *See Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. 2003) (not selected for publication in the Federal Reporter) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence.  *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337[2]; *McClain*, 9 F.3d at 505.").

Under this abundant authority, the instant Petitioner is not entitled to credit for the entire

---

[1] *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. 2001)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir. 1999)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

[2] The full citation is *United States v. Wilson*, 503 U.S. 329, 337 (1992).  It will be discussed *infra*.

presentencing time which he seeks, neither the prior custody time spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, nor the time spent in State facilities which was credited to his State sentence. *See also Saunders v. Unnamed Warden*, 2008 WL 2775763 (D.N.J. 2008) (unreported) (denying Petitioner credits on the grounds of primary jurisdiction and prior custody statute, 28 U.S.C. § 3585(b).

Under other case law specifically regarding concurrent sentences, Petitioner fares no better. The Court notes that although Petitioner has not referred to the case, he has made a claim based on *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), *i.e.*, he claims that he is entitled to prior custody credit for the same July 8, 2005 to July 20, 2006, time period, because he was detained and ineligible for release on bond only because the federal charge was pending. In other words, Green contends that he was denied release during time because of the federal detainer, thus transforming his State detention into time in custody pursuant to federal authority. Therefore, he reasons, he is entitled to credit toward the federal sentence for this time period.

The *Willis* exception has been written into the BOP's program statement, where it first defines the situation necessary to raise a *Willis* issue, *i.e,* that (1) the prisoner's federal and state sentences are concurrent; and (2) the prisoner's federal sentence is to run longer than the state sentence (not counting any credits). When the prisoner meets both criteria, he or she is entitled to credits and the amount of the credits is to be calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that he first sentence begins to run, federal or non-federal  These time credits are know as *Willis* time credits.

P.S. 5880.28(2)(c).

In the instant case, the Petitioner meets criteria (1), *i.e.*, that his "federal and state sentences

are concurrent," but he does not meet the second, *i.e.*, "(2) the prisoner's federal sentence is to run longer than the state sentence." Therefore, Green has no entitlement to *Willis* credits. Nor does the Petitioner present any reason that the lack of *Willis* credits has been so unfair as to warrant equitable relief from this Court.

Further, Respondent suggests that there may no longer be continuing viability in making awards of *Willis* credits. Respondent points out that the *Willis* court quoted from a previous version of the sentence calculation statute, 18 U.S.C.A. § 3568, not the current § 3585. In the Sentencing Reform Act of 1984, effective 1987, Congress rewrote the predecessor Section 3568[3] and recodified it as Section 3585. In the new statute, Congress inserted new language, limiting the amount of prior custody time to "that [which] has not been credited against another sentence." 18 U.S.C. § 3585. When first confronted with Section 3585, the Supreme Court of the United States commented that the two versions differed in at least 3 ways, one being that in the new statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). It is not necessary for this Court to reach this issue herein, however, as

---

[3]  18 U.S.C. § 3568, **Effective date of sentence; credit for time in custody prior to the imposition of sentence,** provided as follows:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568 (repealed Pub.L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984).

8

the Court has ruled that Petitioner is not entitled to *Willis* credits on other grounds.

The other case cited by both the Petitioner and the BOP, is *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir.1993), wherein the Court fashioned a remedy for a prisoner who was received for service of the federal sentence after the concurrent non-federal sentence had been vacated, thus destroying all concurrent credit. The BOP has explained herein that pursuant to the BOP's Program Statement 5880.28, a calculation is performed to see if a situation similar to *Kayfez* exists, so as to grant additional prior custody credits to the prisoner. If the non-federal and federal sentences are concurrent, and the Raw Expiration Full Term ("EFT") date of the non-federal term is greater than the Raw EFT of the federal term, and if the non-federal Raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT, then a prisoner is entitled to pre-sentence credit.

According to the BOP's calculation of Green's sentence, the state Raw EFT of October 27, 2011 is not earlier than the federal Raw EFT, April 19, 2011. Additionally, the application of qualified credits would not reduce the State's Raw EDT to a time earlier than April 19, 2011. "[Since] the adjusted state raw EFT is not earlier than the federal Raw EFT, therefore, Kayfez presentence credit . . . cannot be applied to your federal term."

This Court finds no error of law, nor any error of mathematics, in the BOP's determination that the instant Petitioner is not entitled to the prior sentencing credits which he seeks.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** as follows:

(1)     Mark Edward Green's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Record No. 2] is **DENIED.**

(2)     This action is **DISMISSED WITH PREJUDICE** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This March 12, 2009.

Signed By:

_Henry R Wilhoit Jr._

United States District Judge

10